# UNITED STATES CIRCUIT COURT

# FOR THE STATE OF OREGON

| | |
|---|---|
| Daniel A. Bernath, an individual, | Case No. 3'13 - CV - 1796 AC |
| | COMPLAINT FOR DAMAGES |
| Plaintiff, | Racketeering Influenced and |
| | Corrupt Organizations |
| | Violation of 18 USC § 1962 |
| vs. | Breach of Contract, |
| | Breach Covenant of Good Faith and |
| Yelp, Inc., a Delaware Corporation | Fair Dealing, |
| | Promissory Estoppel |
| | Fraud, Negligent Fraud |
| Defendant. | Unfair Business Practices |
| | DAMAGES PRAYED $20,000,000 |
| _____ | Treble Damages, RICO and Unfair |
| | Business Practices, Punitive Damages |
| | Attorney Fees |

### JURY TRIAL DEMANDED

### Preliminary paragraphs

Plaintiff alleges:

1. Plaintiff is a disabled US Navy veteran, his injuries during the Vietnam War and while serving as a Department of Homeland Security Officer after the attack on the United States in 2001 has caused him to be declared 100% disabled by the US Social Security Administration and the US Department of Veterans Affairs. Plaintiff

Complaint
Daniel A. Bernath 10335 sw Hoodview Drive, Tigard OR 97224  503 367 4204

# 54341

29 sought a vehicle where he could transport other disabled and/or
30 wounded veterans and injured TSA officers to picnics, medical visits
31 and gatherings to give said veterans some pleasure in their remaining
32 years of their lives after giving so much to their country and fellow
33 citizens.

34 2. Plaintiff provides tours of Portland area locations for which he is
35 compensated.

36 3. Yelp, Inc. is a Delaware Corporation with its headquarters in
37 California and operating in the State of Oregon. Yelp has been called
38 the modern day "mafia" by a San Diego Superior Court judge. Yelp
39 has been called "organized crime" by a Portland Oregon judge who
40 condemned Yelp's business practices of cruel and cynical extortion
41 against small businesses across the country and lack of ethics as
42 despicable and unconscionable, urging the attorney general to act.

43 4. **Bernath-Groupon contract:** Plaintiff desired to enter into an
44 agreement with Groupon to sell admissions to his tour. A condition
45 precedent to such an agreement with Groupon was that Plaintiff must
46 enter into a contract with Yelp, Inc. As such, Groupon was acting as
47 the disclosed agent of Yelp, Inc.

48 **Bernath-Yelp, Inc. contract**: Plaintiff entered into the contract

48   with Yelp solely because Groupon required it as a condition precedent
49   to a contract with Groupon. Groupon and Plaintiff then entered into
50   the contract.

51   5. As Yelp promised and represented that it would not permit
52   disparaging and false statements on its website regarding merchants,
53   including Plaintiff, Plaintiff did in fact post information in compliance
54   with Groupon's requirement and Yelp's requirements as to permit
55   Groupon to sell tickets to tourists. At no time did Plaintiff request or
56   have knowledge that any of the contractees of Yelp would violate the
57   Terms of Service of Yelp or the contract with Groupon. As such,
58   Plaintiff reasonably relied upon the promises and Terms of Service of
59   both Yelp and Groupon. Plaintiff's reliance on Groupon's
60   representation and Yelp's representations were reasonable and
61   foreseeable.

62   6. Plaintiff is informed and believes and thereupon alleges that Linda
63   Abundis is the true name of "Tabitha J of Eugene Oregon"

64   7. **Groupon /Yelp and Linda Abundis Contract (Bernath 3rd**
65   **Party Beneficary)** Plaintiff is a third party beneficiary of the
66   agreement between Groupon and Linda Abundis. In the agreement
67   with Groupon and Yelp, Inc., Linda Abundis, aka Tabitha J, agrees

68  that the services of Plaintiff are **"as is"** and that she knowingly and
69  voluntarily **waives all rights** to "**disparage**" the services of
70  Plaintiff. The purpose of this clause in the agreement to which Linda
71  Abundis and all contractees of Groupon are bound by this waiver
72  because people who buy services through Groupon and are buying
73  outside new or different services than what they are accustomed to
74  will likely disparage the services and post false and defamatory
75  reviews on Yelp, Inc.'s website, (e.g. there is a mismatch between the
76  accustomed preferences of Groupon users and the actual new and
77  unique services that the businesses provide when they utilize Groupon
78  as sellers) among other things.
79  **8.** On or about April 5, 2013, Linda Abundis in violation with the
80  contract with Groupon to which Plaintiff is a third party beneficiary
81  and using the anonymous name of **"Tabitha J"** of "Eugene Oregon"
82  disparaged Plaintiff.
83  9. Linda Abundis is not a party to this action. The defamation is merely
84  evidence of Yelp's breach of contract and Yelp is not being sued for
85  defamation.
86  10. Plaintiff entered into a contract with Yelp, Inc. a business entity; form
87  unknown whereby Yelp, Inc. would advertise Plaintiff's services. As

Page 4

88  part of the first party agreement Yelp, Inc. covenants, among other
89  things, that it will protect contractees, such as Plaintiff, from
90  defamation when a person using an anonymous name will accuse
91  contractee, such as Plaintiff, with committing a crime, defamations
92  etc. by removing said false claim by a person attempting to damage a
93  person anonymously.

94  11. The agreement was modified by the parties to restore all common law
95  rights for Yelp and Plaintiff to all common law protections and
96  restoring jurisdiction to forums that were appropriate for breach of
97  contract and tort.

98  12. In fact, Yelp, Inc., to encourage circulation to its publication, has
99  made people like the once anonymous Tabitha J of Eugene, by
100 encouraging her and others to act untruthfully and irresponsibly so as
101 to drive viewer traffic to Yelp, Inc.'s website e.g. to "**Mouth Off**"
102 about people and businesses on the one hand, while simultaneously
103 taking Plaintiff's advertising money pursuant to the contract with
104 Plaintiff. Yelp, Inc. in its irresponsible scheme to drive viewer traffic
105 by being controversial and irresponsible[1] contracts with its writers that
106 once a contractee writer drafts a defamation that the defamation is

---

[1] Yelp boasts that it has raised its unique visitor count by forty million; to 108,000,000, up from 71,000,000 a year earlier.

**Complaint**
Daniel A. Bernath 10335 sw Hoodview Drive, Tigard OR 97224 503 367 4204

Page 5

107  then the property of Yelp, Inc. so that they can use the statements of
108  Linda Abundis in advertising on Google, Yahoo and any other
109  platform.
110  **13.** In contradiction to urging its contract writers to "Mouth Off",
111  Yelp, Inc. represents and contracts: **"And since user trust and**
112  **transparency are important to us, <u>anonymous users</u> who are**
113  **disruptive to the community will <u>probably be dealt with more</u>**
114  **<u>sternly</u> than those who stand behind their words."**
115  The aforesaid clause is enforceable as it is an implied obligation to use
116  good faith on the part of Yelp, Inc
117  **14.** The agreement between Yelp and Linda Abundis aka Tabitha J
118  includes:
119  A "user" is someone who accesses, browses, crawls, scrapes, or in any way
120  uses the Site. "We," "us," and "our" refer to Yelp.
121  By "use" we mean use, copy, publicly perform and display, reproduce,
122  distribute, modify, translate, **remove,** analyze, commercialize, and prepare
123  derivative works of Your Content.
124  **We reserve the right to remove,** screen, edit, or reinstate User
125  Content from time to time at our sole discretion for any reason or

126     no reason, and without notice to you. For example, we may remove

127     a review **if we believe it violates our** <u>Content Guidelines</u>.

128 **6A RESTRICTIONS**

129 A. <u>You agree not to</u>, and will not assist, encourage, or enable others to use
130    the Site to:

131   i. Violate our Content Guidelines, for example, **by writing a fake or**
132     **defamatory review**, trading reviews with other businesses, or compensating
133     someone or being compensated to write or remove a review;

134   ii. **Violate any third party's rights**, including any breach of confidence,
135     copyright, trademark, patent, trade secret, moral right, privacy right, right
136     of publicity, or any other intellectual property or proprietary right;

137   iii. Threaten, stalk, harm, or harass others, or promote bigotry or
138     discrimination;

139   iv. Promote a business or other commercial venture or event, or otherwise use
140     the Site for commercial purposes, except in connection with a Business
141     Account and as expressly permitted by Yelp;

142   v. Send bulk emails, surveys, or other mass messaging, whether commercial in
143     nature or not; engage in keyword spamming, or otherwise attempt to
144     manipulate the Site's search results or any third party website;

145   vi. Solicit personal information from minors, or submit or transmit pornography;
146     or

147   vii. <u>Violate any applicable law.</u>

148

149 6B <u>**[Y]ou agree not to act contrary to {the foregoing contract**</u>

150 <u>**terms}**</u>(even if permissible under applicable law) **without providing 30 days'**

151 **prior written notice to us** <u>here</u>, together with any information that we may

152 reasonably require to give us an opportunity to provide alternative remedies or

153 otherwise accommodate you at our sole discretion.

154    **15.** Yelp, Inc. has enforced violations of its so called Terms of Service by
155        removing defamations and untrue statements that were not submitted
156        to Yelp, Inc., 30 days in advance and for the sole reason that they are
157        disparaging of goods and/or services. Yelp, Inc. did not do so in the
158        instant matter.

159    16. Yelp did not remove the disparagement even though Tabitha J had
160        waived any right to post said defamations and Yelp did not remove the
161        disparagement even though Tabitha J did not submit the
162        disparagement to Yelp thirty days before publication for their review
163        and approval and in violation of its contract with Linda Abundis aka
164        Tabitha J.

165    17. Yelp, Inc., has entered into an agreement with Plaintiff for advertising
166        in Oregon. As part of each agreement is a covenant of good faith and
167        fair dealing whereby each party will receive what they expect in the
168        agreement.

169    18. Yelp, Inc. by taking ownership of the defamations and profiting
170        financially from the defamation and thus encouraging defamation and
171        other untruthful statements, whilst simultaneously working on behalf
172        of an advertiser such as Plaintiff has breached this covenant of good
173        faith and fair dealing.

174    19. Alternatively, Yelp, Inc., is promissory estopped from forgoing action
175    to remove, and has a contractual duty to Plaintiff not permit
176    publication of defamation, accusations that Plaintiff has committed a
177    crime or crimes as they have promised.

178                        **First Cause of Action**

179                        **Violation of 18 USC § 1962,**

180                        **Against Yelp, Defendant**

181    20. Plaintiff realleges and reincorporates paragraphs 1 through 18 as if fully
182    stated herein.
183    21. Defendant Yelp violated its own published policies and contractual terms,
184    hiding their actual intentions, data and schemes, deceit to lure Plaintiff into
185    transacting doing business with Yelp, not disclosing Yelp's deserved
186    reputation as being an unethical, unconscionable and "modern day
187    mafia/organized crime", refusing to and failing to honoring its agreement to
188    not permit its writer to harm a business on Yelp's publications, not disclosing
189    the risks of posting data, e.g. "claiming" Plaintiff's information on Yelp's
190    publication and misstating the facts to lure the Plaintiff into transactions
191    described here and thus Yelp has committed corporate fraud.
192    22. Yelp failed to tell Plaintiff even though Yelp made promises to protect
193    Plaintiff from harm, Yelp did breach this duty created to disclose certain

194  information as defendant Yelp has made deceitful statements of half-truth or
195  concealed material facts.
196  23. Plaintiff has suffered a direct injury proximately to plaintiff's business and/or
197  property caused by the racketeering activity of defendant Yelp, Inc.
198  23. Defendant Yelp's acts of deception and other unlawful acts were
199  accomplished by mail and/or wire fraud as RICO predicate acts.
200  24. Said wrongful acts of Yelp caused Plaintiff economic harm as stated herein.
201

202  **Second Cause of Action**
203  **Breach of Contract,**
204  **Against Yelp, Defendant**

205  24. Plaintiff realleges and reincorporates paragraphs 1 through 18 as if fully
206  stated herein
207  25. Defendant Yelp, Inc., entered into a contract with Plaintiff advertise his tour,
208  to run the tourist populating portion of his enterprise, to act as de facto
209  partner to Plaintiff, to share the fees realized from advertising on Yelp, Inc.,
210  and if the promotion failed that Yelp-as would Plaintiff-would share in the
211  loss, to among other things to monitor their own reviews for false
212  statements, false allegations that a person had committed a crime, all said

213   statements by reviews employed by Yelp and of which Yelp had ownership

214   and would and has created derivative works from false statements, would be

215   used by Yelp, Inc. for any purpose . Yelp, Inc. encouraged false statements,

216   and even though it was proved to Yelp, Inc. that the statements were false,

217   disparaging and defamatory, Yelp, Inc. did refuse to remove said writings

218   from its website Yelp.com .

219   26. As such, Yelp Inc., breached the agreement and breached the agreement of

220   Good Faith and Fair Dealing found in every contract in the State of Oregon.

221   Yelp, Inc. also are **_Promissorily estopped_** representing that false statement of

222   fact reviews of which they own and profit from will be removed on the one

223   hand, and then refusing to remove false statements of fact on the other hand.

224   27. Yelp, Inc. as the principal or agent or partner of Groupon is also

225   promissorily estopped from on the one hand stating that they will remove

226   disparaging comments about merchants but refusing to do so thereafter.

227   Yelp, Inc. also is thus promissorily estopped from denying their statement

228   that services of merchants purchased through Groupon are "as is" and said

229   "as is" services may not be disparaged and refusing to enforce its contract

230   agreement with Linda Abundis.

Complaint
Daniel A. Bernath 10335 sw Hoodview Drive, Tigard OR 97224  503 367 4204

231 <div align="center">**Third Cause of Action**</div>

232 <div align="center">**Breach of Covenant of Good Faith and Fair Dealing**</div>

233 <div align="center">**Against Yelp, Inc., Defendant**</div>

234 28. Plaintiff realleges and reincorporates paragraphs 1 through 18 as if fully

235 stated herein.

236 29. Yelp, Inc., breached the Covenant of Good Faith and Fair Dealing found in

237 every contract in the State of Oregon by the misconduct alleged herein.

238 <div align="center">**Fourth Cause of Action**</div>

239 <div align="center">**Breach of Covenant of Good Faith and Fair Dealing**</div>

240 <div align="center">**Against Yelp, Inc., Defendant**</div>

241 **30.** Plaintiff realleges and reincorporates paragraphs 1 through 18 as if fully

242 stated herein

243 **31.** Yelp, Inc. is promissorily estopped from representing that false statement of

244 fact that reviews of which they own, control and profit from will be removed

245 on the one hand, and then refusing to remove false statements of fact on the

246 other hand.

247 <div align="center">**Fifth Cause of Action**</div>

248 <div align="center">**Negligent Misrepresentation**</div>

249 <div align="center">**Against Yelp, Inc., Defendant**</div>

250

251 **32.** Plaintiff realleges and reincorporates paragraphs 1 through 18 as if fully
252 stated herein
253 28. Defendant Yelp, Inc., intended that Plaintiff rely upon the representations.
254 29. Plaintiff reasonably and justifiably relied upon the representations to his
255 detriment.
256 30. As a proximate result of Yelp's negligent conduct, Plaintiff has suffered and
257 will suffer, and continues to suffer general and special damages in an
258 amount to be proved at time of trial and within the jurisdictional limits of
259 this complaint.

260 <center>**Sixth Cause of Action**</center>
261 <center>**Fraud**</center>
262 <center>**Against Yelp, Inc., Defendant**</center>

263 **31.** Plaintiff realleges and reincorporates paragraphs 1 through 18 as if fully
264 stated herein
265 **32.** Defendant Yelp, Inc. stated that defamatory, disparaging statements by its
266 contract writers would be removed from its website Yelp.com .
267 **33.** The representations of Yelp and its agents, principals and/or partner
268 Groupon were false and fraudulent as disparaging remarks, including false
269 claims of Plaintiff committing crimes and being dangerous were placed into

Complaint
Daniel A. Bernath 10335 sw Hoodview Drive, Tigard OR 97224  503 367 4204

270  Yelp's publication and not removed although communications with Yelp
271  were made that said violations of Yelp's contract be enforced.

272  34. Defendant Yelp, Inc. made the promises to Plaintiff with the intentional
273  pattern and practice to deceive merchants, such as Plaintiff, so that they
274  would provide Yelp, Inc., and Groupon with content to profit financially and
275  not seek other opportunities to advertise or seek customers at other locations
276  and businesses where he would not face the business destroying defamations
277  and disparagement of Tabitha J aka Linda Abundis.

278  35. Accordingly, as a result of Yelp, Inc.'s, fraudulent conduct, Plaintiff has
279  suffered and will continue to suffer compensatory, general and special
280  damages in an amount according to proof at trial but within the jurisdictional
281  limits of this complaint.

282  36. Yelp, Inc., acted with malice, fraud and/or oppression and thus, Plaintiff is
283  entitled to an award of exemplary and punitive damages.

### Seventh Cause of Action

### Unfair Business Practices ORS 646.607 (1) *et seq.*

### Against Yelp, Inc., Defendant

287  36.     Plaintiff realleges and reincorporates paragraphs 1 through 18 as if
288  fully stated herein.

289   37. Oregon's unfair business practices act prohibits acts of unfair competition,
290       (e.g. any fraudulent business act or practice and conduct which is likely to
291       deceive and is fraudulent.)
292   38. As more fully explained herein above, Defendant's acts and practices are
293       likely to deceive, constituting a fraudulent business act or practice. This
294       conduct is ongoing and continues to this date.
295   39. Specifically, as set forth above, Defendants engaged in deceptive business
296       practices with respect to gaining customers to its website and related
297       matters.
298   40. By engaging in the above referenced acts and/or practices alleged herein,
299       Defendant has violated Oregon laws and regulations and said predicate acts
300       are therefore *per se* violations of law.
301   41. Yelp's misconduct gave, and has given, Defendant Yelp's misconduct as
302       alleged herein an unfair competitive advantage over their competitors. The
303       scheme implemented by Yelp, Inc. is designed to defraud Oregon consumers
304       and enrich Yelp, Inc.
305   42. The foregoing acts and practices of Yelp, Inc. have caused substantial harm
306       to Oregon consumers.
307   43. As a direct result and proximate result of the aforesaid acts, Yelp, Inc., has
308       prospered and benefitted by gaining viewership to its website by luring

**Complaint**
Daniel A. Bernath 10335 sw Hoodview Drive, Tigard OR 97224  503 367 4204

309  Plaintiff into posting his profile onto Yelp, Inc.'s website lured by Yelp's
310  false promises.

311  44. Yelp, Inc. has been unjustly enriched and should be required to disgorge
312  their illicit profits and/or make restitution to Plaintiff and other Oregon
313  consumers who have been harmed and be enjoined from continuing such
314  practices. As a result of the aforesaid acts and misconduct, Plaintiff has lost
315  money and suffered injury in fact, and other members of the public falling
316  victims to Yelp's false promises are likely to be injured.

317  **45.** The harm to Plaintiff and members of the general public outweigh the utility
318  of Defendant's *de facto* policy and practices and fraudulent representations.
319  Consequently, Yelp, Inc.'s policy and practice are an unfair business act or
320  practice.

321  **46.** Defendant is promissory estopped from denying its representations and
322  avoiding the harm that it has caused to plaintiff

323  **WHEREFORE**, Plaintiff prays for judgment against Defendants Yelp, inc.,

324  1. As a direct and foreseeable result of Defendant's breach of contract, breach
325  of covenant and fair dealing and promissory estoppel, Plaintiff suffered
326  damages in the amount of $10,000,000,

327  2. Special Damages of $10, 000,000,.

Page 16

328   3. Such acts by Defendants are also an unfair trade practice and/or a RICO
329      violation requiring Defendant to pay treble damages and attorney fees to
330      Plaintiff.
331   4. For civil penalty pursuant to statute, restitution, according to proof,
332   5. For reasonable attorney fees and cost,
333   6. Plaintiffs costs and disbursements incurred herein,
334   7. Prejudgment interest,
335   8. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

336
337

338   *[signature]*

339   Daniel A. Bernath, Plaintiff
340   OCTOBER 7, 2013