UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| DANIEL A. BERNATH, an individual, | Case No.: 3:13-CV-1796-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| YELP, INC., a Delaware corporation, | |
| Defendant. | |

_____

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Daniel A. Bernath ("Bernath"), moves for sanctions under FED. R. CIV. P. 11 ("Rule 11") based on the filing by defendant Yelp, Inc. ("Yelp"), of its special motion to strike or, alternatively, to dismiss this action. The court finds that Bernath failed to comply with the

requirements of Rule 11.  Accordingly, Bernath's motion for sanctions should be denied.

*Background*

Bernath filed his complaint on October 9, 2013, asserting numerous claims arising from the posting of negative comments about Bernath's tour bus business on Yelp's website.  On October 30, 2013, Bernath, who is appearing *pro se*, filed a document entitled "Motion to Dismiss without prejudice" which reads, in its entirety: "COMES NOW PLAINTIFF who makes this motion [to] dismiss this complaint without prejudice to bring again as part of a class action."

On October 31, 2013, Yelp filed a "Special Motion to Strike" Bernath's complaint on the grounds that it was based solely on third-party written statements displayed on a website and, therefore, barred by OR. REV. STAT. 31.150.  Alternatively, Yelp moved to dismiss the complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6).

On November 26, 2013, Bernath filed a motion for sanctions against Yelp and its counsel, seeking $1,000,000 from Yelp and $10,000 from Yelp's counsel.  Bernath argues that Yelp filed its motion to strike or dismiss, even after Bernath informed Yelp he intended to dismiss his complaint, "to waste precious judicial resources so that it could maintain its image as a tough litigant."  Attached to the motion is an undated email apparently from Bernath to Yelp's counsel identifying Yelp's motion to strike or dismiss as "frivolous and therefore in violation of Rule 11."  At that time, Bernath offered to stipulate to the dismissal of his complaint without prejudice, which Yelp declined.

*Legal Standard*

Under Rule 11, a court may impose sanctions against an attorney, law firm, or party when a document is filed for an improper purpose such as harassment or delay, when the legal contentions

asserted in the document are unwarranted under either existing law or a frivolous argument for extension of the law, or when the allegations in the document are without evidentiary support and unlikely to have evidentiary support after further investigation and discovery. FED. R. CIV. P. 11(b), (c) (2013). The Ninth Circuit defines the word "frivolous" in this context "to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)(en banc). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

## *Discussion*

FED. R. CIV. P. 11(c)(2) requires that a motion for sanctions "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Accordingly, before a party may properly file a motion for sanctions, they must serve the motion on the opposing party and allow such party twenty-one days to withdraw the offending document. The Ninth Circuit has squarely held that the procedural requirements of Rule 11 are mandatory and strictly construed. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Therefore, even if a party has given informal warnings to an opposing party threatening to seek Rule 11 sanctions, "these warnings [do] not satisfy the strict requirement that a motion be *served* on the opposing party twenty-one days prior to filing." *Id*. (emphasis in original).

Here, based on the evidence before the court, Bernath's undated email merely identified Yelp's motion as frivolous and sanctionable under Rule 11. There is no evidence that Bernath served Yelp with his motion for sanctions at least twenty-one days before filing the motion with the

court.  Bernath's failure to establish that he complied with the strict, mandatory requirements of Rule 11 defeats his attempt to recover sanctions under that rule.

*Conclusion*

Bernath's motion (#27) for Rule 11 sanctions should be DENIED.

<u>Scheduling Order</u>

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **February 7, 2014**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 23rd of January, 2014.


/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge